**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRI ENBORG, et al.<br><br>Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-02477-AWI-BAK<br>**ORDER ON:**<br>**(1) DEFENDANTS' MOTION TO BIFURCATE; AND**<br>**(2) PARTIES' JOINT MOTION TO MODIFY PRETRIAL ORDER**<br>(Doc. Nos. 162 & 168) |

Defendants Ethicon, Inc. and Johnson & Johnson (together, "Ethicon") have brought a motion to hold a separate trial on their statute of limitations defense, Doc. No. 162, and the Parties have brought a joint motion to modify the Pretrial Order issued by this Court on March 30, 2022, Doc. No. 165, that turns in part on whether Ethicon's bifurcation motion is granted. Doc. No. 168. The motions have been fully briefed and hearings were held on April 11, 2022. Doc. No. 177. For the reasons set forth below, Ethicon's motion to bifurcate will be denied and the Parties' joint motion to modify the March 30, 2022 Pretrial Order will be granted.

## ETHICON'S MOTION TO BIFURCATE

**A.  Legal Framework**

Rule 42(b) of the Federal Rules of Civil Procedure provides that a court may bifurcate trial

"[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed.R.Civ.P. 42(b). This rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see also 9A Wright & Miller, Fed. Prac. & Proc. § 2389 (3d ed., Oct. 2020 Update) ("Rule 42(b) is sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case."). "Courts may consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties." Aoki v. Gilbert, 2015 WL 5734626, at *4 (E.D. Cal. Sept. 28, 2015) (citing Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir.1982)).

Bifurcation, however, "is not to be routinely ordered," Hamm v. Am. Home Prods. Corp., 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (quoting Advisory Committee Notes to 1966 Amendment to Fed.R.Civ.P. 42(b)); see also Hangarter v. Paul Revere Life Ins. Co., 236 F. Supp. 2d 1069, 1094 (N.D. Cal. 2002), aff'd in part, rev'd in part on other grounds sub nom. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998 (9th Cir. 2004) ("[P]iecemeal trial of separate issues in a single suit is not to be the usual course [and] should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." (citation and internal quotation marks omitted)), and "[t]he party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." Aoki, 2015 WL 5734626 at *4 (citation omitted).

**B.    Ethicon's Motion**

  1.  Ethicon's Arguments

Ethicon contends that holding a separate trial on its statute of limitations defense in this action would promote judicial economy without prejudicing Ms. Enborg and result in "more accurate outcomes." See Doc. No. 162.

   *a. Judicial Economy*

As to judicial economy, Ethicon contends that a separate trial on its statute of limitations

2

defense "could dispose of this case in one or two days, with no expert testimony, minimal pretrial motions, and a vastly reduced number of witnesses and exhibits." Doc. No. 162 at 3:6-8. The only witnesses, Ethicon claims, would be Ms. Enborg, her husband Christopher Enborg, and the medical doctor who treated Ms. Enborg in the months following her implant procedure. Id. at 3:8-9. Further, Ethicon "expect[s] that the only exhibits would be certain of Ms. Enborg's medical records, and a handful of other exhibits that show that Ms. Enborg was, or should have been, on notice of her claims before July 10, 2011." Id. at 3:10-12.  According to Ethicon, the alternative to bifurcation is "a multi-week, full trial on the statute of limitations, plus liability and damages, including potentially punitive damages," involving "complex medical and scientific issues, requiring upwards of five experts for each side" and a considerable amount of work on the part of the parties, the jury and the Court on issues that would be moot if the action is time-barred. Id. at 3:14-19.

   b. *Prejudice*

  As to prejudice, Ethicon argues that Ms. Enborg's costs would be reduced if this action were decided on statute of limitations grounds and that bifurcation would not increase total trial costs even if the action were found to be timely because there is "very little overlap" between statute of limitations evidence, on the one hand, and evidence regarding liability and damages, on the other. Doc. No. 162 at 7:3-13.

  Further, Ethicon argues that bifurcation would protect them from prejudice "inherent in [Ethicon's] arguments that Ms. Enborg should have known that her injuries were caused by TVT while denying that the TVT caused her injuries at all." Doc. No. 162 at 7:14-16. According to Ethicon, these arguments are not "legally inconsistent" but "there is a real risk of prejudice that a jury would view Ethicon's statute-of-limitation argument as a concession of defect and causation." Id. at 7:14-19.

   c. *More Accurate Outcomes*

  Ethicon's final argument in support of bifurcation is that bifurcation would "improve comprehension of the issues and evidence," because jurors could focus solely on statute of limitations evidence in the first trial and solely on evidence relating to the design of the TVT and

3

1 such in the second trial. Doc. No. 162 at 8:16-21.

2     2. Plaintiff's Arguments

3     Ms. Enborg's opposition addresses Ethicon's arguments with respect to judicial economy and prejudice, in addition to arguing that bifurcation would violate the Seventh Amendment to the United States Constitution.

6     a. *Judicial Economy*

7     Ms. Enborg disputes Ethicon's contention that the statute of limitations trial would be a one- or two-day proceeding involving limited issues and evidence. Doc. No. 170 at 2:26-3:2. She argues that, under California law, showing she was not on notice of her claims before the statute of limitations ran would "necessarily involve[] witnesses, testimony, and documentary evidence bearing on the issues of negligent design and causation." Id. at 3:3-8. Thus, she would anticipate "putting on evidence of the negligent design of the TVT product, what [Ethicon] knew about the design defects with its product, what Ethicon's documents and corporate testimony reveal about the TVT's propensity to cause the types of damages suffered by Plaintiff, what Plaintiff's physicians knew about the TVT's propensity to cause the types of damages suffered by Plaintiff, what Plaintiff's physicians told Plaintiff about her injuries, etc." Id. at 3:17-18. In short, Ms. Enborg contends that bifurcation would not promote judicial economy because there would be "substantial overlap in the issues, facts, evidence, and witnesses required" for each trial. Id. at 3:17-21.

20     b. *Prejudice*

21     Ms. Enborg argues that bifurcation would prejudice her because it would cause further delay in the resolution of her case and expose her to the cost of putting on two trials, where one trial would suffice. Doc. No. 170 at 4:5-9. Further, she argues Ethicon would not suffer prejudice from trying all issues in a single trial because statute of limitations defenses are routinely tried with liability and the verdict form could be "structured so that the jury answers thee limitations question first." Id. at 4:25-5:28.

27     c. *Seventh Amendment*

28     In much the same vein as her arguments regarding judicial economy and prejudice, Ms.

1  Enborg contends that "the statute of limitations issue and the liability issues … are essentially one
2  in the same" because they both involve determinations of "causation and wrongful conduct." Doc.
3  No. 170 at 6:2-17. Bifurcation, she argues, would therefore require successive juries to decide the
4  same questions, in violation of the Seventh Amendment to the United States Constitutions, which
5  states that "no fact tried by a jury … shall be otherwise reexamined in any court of the United
6  States." U.C. Const. amend VII.

7  **C.  Discussion**

8        The Court is mindful of the fact that it is not uncommon to try statute of limitations
9  defenses separately, see Grisham v. Philip Morris, Inc., 2009 WL 9102320, at *4 (C.D. Cal. Dec.
10 3, 2009) ("district courts have routinely applied Rule 42(b) to bifurcate trial on statute of
11 limitations issues, and courts of appeals have routinely affirmed such bifurcation") (collecting
12 cases), and that several courts have recently found that bifurcation is appropriate in cases, such as
13 this, involving mesh implants. See e.g. McBroom v. Ethicon, Inc., 2021 WL 2661463, at *1 (D.
14 Ariz. June 29, 2021); Heinrich v. Ethicon, Inc., 2021 WL 2801961 (D. Nev. Apr. 15, 2021). The
15 Court, however, will deny Ethicon's motion for two reasons.

16       First, it seems to the Court that Ethicon oversimplifies the proposed statute of limitations
17 trial and exaggerates the potential benefits of bifurcation a judicial economy standpoint. As Ms.
18 Enborg points out, Ethicon's statute of limitations defense requires (at a minimum) determining
19 whether Ms. Enborg was on notice more than two years prior to the filing of this action that her
20 injuries involved the TVT. See Doc. No. 153 at 25:19-26:21. The Parties briefed that issue at
21 length in connection with Ethicon's motion for summary judgment, and in deciding that motion,
22 the Court conducted a thorough review of relevant evidence. See id. at 26:23-28:27. Ethicon
23 argued, in essence, that Ms. Enborg was on notice of her claims under California law because her
24 dyspareunia intensified following surgery and the following facts suggested a possible link to the
25 TVT:  (i) Ms. Enborg's former husband felt a sharp ridge of mesh (that Ms. Enborg also felt)
26 through tissue in her vagina; (ii) within a year or so of surgery, Ms. Enborg's doctor felt mesh
27 through tissue at the top of Ms. Enborg's vagina, identified "a vaginal trigger point associated with
28 the TVT sling," and "discussed" removing a portion of the mesh with Ms. Enborg; (iii) Ms.

Enborg's physical therapist noted pain in an area where mesh was "just under" vaginal tissue and recommended Ms. Enborg follow up with her doctor; (iv) Ms. Enborg later stated in a blog post that she "put off trying to see yet another gyno for over a year" due to "denial" and "caretaking" responsibilities; and (v) when Ms. Enborg again sought care, it took her new doctor "all of two seconds" to determine that the mesh was the problem. Id.

The Court does not necessarily agree with Ms. Enborg's contention that deciding Ethicon's statute of limitations defense will necessarily require evidence as to "the negligent design of the TVT product, what [Ethicon] knew about the design defects with its product, [and] what Ethicon's documents and corporate testimony reveal about the TVT's propensity to cause the types of damages suffered by Plaintiff." Doc. No. 170 at 3:17-18. The Court is also skeptical, however, of Ethicon's contention that its statute of limitations defense could be decided in as little as a day, with just three witnesses and a "handful" of exhibits. One issue, for example, that could potentially require additional evidence is the extent to which relevant care providers were aware, prior to the statute of limitations cut off in this case, of a potential connection between TVT mesh and conditions such as those experienced by Ms. Enborg. Similarly, the Court imagines evidence may be required as to whether feeling mesh as Ms. Enborg, her former husband and her doctor apparently did is unusual or problematic. Thus, the statute of limitations trial is likely to be more complex—and involve more overlap with other aspects of this case—than Ethicon acknowledges. See Acosta v. Ethicon, Inc., 20-CV-5992-DSF-GJSx, Doc. No. 167 at 1 (C.D. Cal. Dec. 13, 2021) ("It appears there will be significant overlap in evidence between the two proposed trials, given that the statute of limitations defense is premised on the idea that Plaintiffs should have been aware of the product's possible defectiveness sooner.")

Further, Ethicon's contention that the "alternative" to bifurcation in this case is a "multi-week trial" is inaccurate. In the Joint Pretrial Statement, Ms. Enborg calls for a seven-day trial while Ethicon, itself, takes the position that "a combined trial of all issues should take no longer than 5 days." Doc. No. 154 at 3:16-19. Similarly, Ethicon states in the Joint Pretrial Statement that it "estimate[s] that the first phase of a bifurcated trail on statute of limitations would take 2 court days or less and the second phase, if necessary would take 3 court days or less." Id. at 3:20-22. At

the time the Joint Pretrial Statement was filed, there were two claims remaining in this action: Ms. Enborg's claim for negligent design defect and her former husband's claim for loss of consortium. Mr. Enborg's loss of consortium claim has since been dismissed with prejudice (on Mr. Enborg's motion), leaving only the negligent design defect claim. With just one claim remaining, it seems reasonable, for purposes of deciding this motion, to hold Ethicon to its estimate that trial on damages and liability will take "3 court days or less." That is not inconsequential, but when weighed against the potential incremental costs (to the Parties, the public and the Court) from empaneling a second jury and otherwise preparing for and staging a second trial, it does not strike the Court as a compelling justification for deviating from the "one trial" norm and bifurcating this case. See Westerfield v. Ethicon, Inc., 20- CV-4803-GW-ASx, Doc. No. 160 at 1 (C.D. Cal. Nov.4, 2021) ("Given the situation with the ongoing coronavirus conditions and limitations, empaneling even a single jury taxes our society and the judicial system far more than under normal circumstances. That consideration alone is arguably sufficient for the Court to deny Defendants' request.").

Second, the Court does not find Ethicon's prejudice arguments to be persuasive. Ethicon is correct that arguing that Ms. Enborg should have suspected the TVT as the cause of her injuries more than two years before this action was filed is not "legally inconsistent" with arguing that the TVT did not cause (and that Ethicon is not liable for) Ms. Enborg's injuries. See Doc. No. 162 at 7:14-19. The Court is not convinced, however, that it is prejudicial to require Ethicon to explain the seeming conflict between those two positions to a single jury, and the Court has concerns that furnishing Ethicon with two separate juries to spare them that task (and facilitate implementation of its chosen trial strategy) could prejudice Ms. Enborg, who is apparently prepared to present all aspects of her case in one fell swoop. See Rivera v. Nibco, Inc., 2003 WL 27382206, at *1–3 (E.D. Cal. Mar. 7, 2003) ("the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party" (citation omitted)).

Further, the Court is not convinced that trying statute of limitations with liability would result in juror confusion. As Judge Wu of the Central District of California recently noted in addressing a motion for bifurcation in another mesh case, Ethicon is not required to prove that it

7

1  engaged in wrongful conduct to prevail on its statute of limitations defense, and any risk of juror
2  confusion can be addressed through means other than bifurcation, such as jury instructions, the
3  format of the verdict form and "clear and attentive advocacy" from Ethicon's counsel. See
4  Westerfield, 20- CV-4803-GW-ASx, Doc. No. 160 at 2-3; see also, Acosta, 20-CV-5992-DSF-
5  GJSx, Doc. No. 167 at 2-3 (citing *Westerfield* in denying motion to bifurcate in mesh case).

6        In sum, Ethicon overstates the potential economies of bifurcation relative to the added cost
7  and inconvenience of conducting two trials. Further, the Court sees no prejudice to Ethicon in
8  arguing all aspects of its case to the same jury but sees potential prejudice to Ms. Enborg in
9  furnishing Ethicon with two juries. The Court will therefore deny Ethicon's motion to bifurcate. In
10 light of this ruling, it is unnecessary for the Court to address Ms. Enborg's arguments regarding
11 the Seventh Amendment.

12                          **JOINT MOTION TO MODIFY THE PRETRIAL ORDER**

13       On March 25, 2022, the Court held a pretrial conference to confirm the May 17, 2022 trial
14 date in this action, set various dates relating to trial preparation and address certain other issues
15 relating. See Doc. No. 161. The Court informed the Parties at that conference that the Court would
16 consider modifying the trial schedule if the Parties felt they needed more time for trial preparation.

17       On March 30, 2022, the Court issued a Pretrial Order confirming that trial would
18 commence on May 17, 2022. See Doc. No. 165. The March 30, 2022 Pretrial Order also sets forth
19 a trial preparation schedule, including the April 11, 2022 hearing on, *inter alia*, Ethicon's motion
20 for bifurcation and hearings on April 25, 2022 with respect to trial confirmation, deposition
21 designations, motions in limine and other outstanding pretrial motions. Id.

22       On March 29, 2022, Ethicon filed the motion to bifurcate addressed above. See Doc. No.
23 162. On April 4, 2022, the Parties filed a Joint Motion to Modify the Pretrial Order to continue the
24 trial date and various dates relating to trial preparation. Doc. No. 168.  The motion proposes one
25 schedule in the event the motion to bifurcate is granted and another schedule in the event the
26 motion to bifurcate is denied. Id.

27       As set forth above (and as the Court stated at the April 11, 2022 hearing), the Court will
28 deny Ethicon's motion to bifurcate. As such, the Parties' motion to modify the March 30, 2022

Pretrial Order calls for continuing the May 17, 2022 trial date to June 21, 2022; continuing the April 25, 2022 trial confirmation hearing to May 31, 2022; and continuing various other dates relating to trial preparation to reflect the new June 21, 2022 trial date. See Doc. No. 168. Further, the Parties agreed at the April 11, 2022 hearing that hearings on two motions for reconsideration Ms. Enborg has pending, Doc. Nos. 160 and 171, and on Ms. Enborg's motion to permit substitution of an expert witness, Doc. No. 172, should be held on April 25, 2022.

The Court finds the requested modifications to be reasonable and will therefore grant the joint motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Ethicon's motion to bifurcate (Doc. No. 162) is DENIED;
2. The Parties' joint motion to modify the March 30, 2022 Pretrial Order (Doc. No. 168) is GRANTED under the scenario in which Ethicon's motion to bifurcate is denied;
3. All future dates set forth in the March 30, 2022 Pretrial Order (Doc. No. 165) are VACATED;
4. Trial in this action is now set for June 21, 2022; and
5. The Court will issue an Amended Pretrial Order setting forth a trial schedule predicated on the proposal in the joint motion and the Parties' agreement with respect to the April 25, 2022 hearing, subject to possible modification by the Court where necessary and appropriate.

IT IS SO ORDERED.

Dated: __April 14, 2022__                        _____
                                                                SENIOR DISTRICT JUDGE