UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ENBORG, et al.<br><br>Plaintiff,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>Defendants. | CASE NO.  2:20-cv-02477-AWI-BAK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER EXCLUDING EXPERT OPINIONS ON TVT BRANDING AND WARNINGS**<br><br>(Doc. No. 171) |

Plaintiff Terri Eborg brings a motion, Doc. No. 171, seeking reconsideration of an order excluding expert testimony regarding branding and warnings for the TVT device at issue in this case. See Doc. No. 153. The motion has been fully briefed and was taken under submission following oral argument on April 25, 2022. Doc. No. 184. For the reasons set forth below, the motion will be denied.

## BACKGROUND

On March 16, 2022, the Court issued an order granting summary judgment in Ethicon's[1] favor on Enborg's "failure to warn" claims on a finding, under California's "learned intermediary doctrine," that a reasonable jury could not conclude that additional information regarding risks associated with the TVT device would have affected the course of treatment prescribed and implemented by Enborg's doctor. See Doc. No. 153 at 34:16-26.[2] Further, the Court excluded, *inter alia*, opinions offered by three of Enborg's experts with respect to product branding and warnings on the grounds that such opinions are not relevant to Enborg's claim for negligent design

---

[1] Unless otherwise specified, "Ethicon," as used herein, refers to both remaining Defendants in this action—Johnson & Johnson and its subsidiary Ethicon, Inc.

[2] Page number citations are to the page number in the CM/ECF stamp at the top of each page of documents on the Court's electronic docket.

defect (the only claim remaining in this case). Specifically, the Court excluded:

- Dr. Peggy Pence's opinions that (i) the TVT device was misbranded due to failure to warn; (ii) the TVT device was misbranded as a result of false or misleading labeling; and (iii) the TVT device was misbranded under federal law because of failure to meet the post-marketing vigilance standard of care, see Doc. No. 153 at 4-6 (excluding opinions in Doc. No. 103-3 at 91, 96 & 115);

- Dr. Bruce Rosenzweig's opinion that TVT disclosures were inadequate because they did not include certain information contained in Material Safety Data Sheets ("MSDS") for polypropylene resin (a material used in the TVT), see Doc. No. 153 at 3 (excluding opinions in Doc. No. 106-3 at 62-64); and

- Dr. Donald Ostergard's opinions that Ms. Enborg could not have provided informed consent to her doctor because product materials omitted information regarding adverse events and polypropylene resin, and Ms. Enborg's doctor did not have "all the knowledge known" to Ethicon about the TVT. See Doc. No. 153 at 19:27-20:3 (excluding opinions in Doc. No. 111-3 at 8-9).[3]

Enborg contends that these opinions are "necessary and relevant to [her] pending negligent design defect claim," Doc. No. 171 at 8:4-18, and seeks reconsideration of the rulings excluding them pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Local Rule 230(j) and the Court's inherent authority. Id. at 5:14-16 and 8:4-18.

## **LEGAL FRAMEWORK**

An order that resolves fewer than all the claims among the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b); see also E.D. Cal. L.R. 230(j). Where reconsideration of a

---

[3] Enborg states at one point that she is also seeking reconsideration as to warning opinions offered by Dr. Vladimir Iakovlev. Doc. No. 171 at 9:3. The Court's order excluding Dr. Iakovlev's warning opinions, however, is based on a finding that Dr. Iakovlev is not qualified to offer warnings opinions and Enborg's statement that she does not intend to offer Dr. Iakovlev's warnings opinions at trial, in addition to the finding, at issue here, that warnings opinions are irrelevant to Enborg's design defect claim. Doc. No. 153 at 10:20-25. The analysis in this order applies to Dr. Iakovlev's warning opinions, but they are also properly excluded for the other reasons set forth in the Court's order on Ethicon's *Daubert* motion with respect to Dr. Iakovlev. Id.

non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." <u>United States v. Martin</u>, 226 F.3d 1042, 1048–49 (9th Cir. 2000). Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. <u>See</u> <u>Sch. Dist. No. 1J Multnomah County, Oregon v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.1993); <u>Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California</u>, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." <u>Smith v. Clark Cty. Sch. Dist.</u>, 727 F.3d 950, 955 (9th Cir. 2013).

## PLAINTIFF'S MOTION

Enborg contends that exclusion of the opinions at issue here was "clear error" because she has a design defect claim and the California Court of Appeal held in *Hansen v. Sunnyside Products., Inc.*, 55 Cal. App. 4th 1497 (1997), as modified (July 18, 1997), that "package warnings" are relevant to determining whether a product has a design defect under the "risk/benefit test." Doc. No. 171 at 11:27-13:12.

Ethicon argues that the Court's order could not constitute "clear error" because *Hansen* involves a defendant's burden under the burden shifting framework applicable to strict product liability claims, and no California court has applied *Hansen* to negligent design defect claims. Doc. No. 179 at 5:15-6:25. Further, Ethicon argues that the reasoning in *Hansen* is inapplicable because the opinions at issue here involve warnings as to inherent product risks, not instructions for safer use. <u>Id.</u> at 7:3-11. Finally, Ethicon argues that reconsideration is not warranted because the Court has already held, in granting summary judgment on Enborg's "failure to warn" claims, that Enborg "cannot prove causation based on any inadequacy in TVT's warnings." <u>Id.</u> at 9:8-10:20.

## DISCUSSION

The Court agrees with Ethicon that *Hansen* does not apply here.

In *Hansen*, a user of stain remover containing hydrofluoric acid brought a strict product liability claim against the manufacturer under both the "consumer expectation test" and the

3

1  "risk/benefit test." 55 Cal. App. 4th at 1502. As to the claim under the "risk/benefit test"—which
2  looks at "whether the risk of harm outweigh[s] the benefits of [a] product"—plaintiff showed "she
3  suffered an injury proximately caused by the product's design" and thus, the burden shifted to the
4  defendant manufacturer to prove that its product was not defective. Id. at 1504, 1513.

5      In closing argument at trial, defense counsel took the position that jurors could consider
6  warning labels on the bottle to determine whether the product had a design defect under the
7  "risk/benefit test." Id. at 1504. Specifically, defense counsel argued that "the warnings on [a]
8  product … are an integral part of the design of the product" and that the question to be asked
9  under the "risk/benefit test" is, "If used pursuant to the instructions, ... do the advantages of the
10 product ... outweigh the risks?" Hansen, 55 Cal. App. 4th at 1504–05 (internal quotation marks
11 omitted).

12     The front of the stain remover bottle apparently stated as follows: "Danger. May Be Fatal
13 or Cause Permanent Damage, Vapor Harmful, Causes Severe Burns Which May Not Be
14 Immediately Painful or Visible. Read Carefully All Cautions on Back Panel. Keep Out of Reach
15 of Children." Hansen, 55 Cal. App. 4th at 1502. The back panel, for its part, stated: "Danger.
16 Contains hydrofluoric acid. Use only with rubber gloves, avoid contact with skin. Do not taste,
17 swallow or breathe. Rinse empty container thoroughly with water before discarding." Id. It also
18 contained a "first aid" section addressing various scenarios, including contact with skin, contact
19 with eyes and swallowing. Id. In the event of skin contact, for example, it stated: "Immediately
20 remove contaminated clothing. Flush skin with water for 15 minutes. Be very careful to clean
21 under fingernails." Id. As to contact with eyes, it stated: "Rinse immediately with water. Remove
22 contact lenses, if any, then flush eyes with water for another 10 to 15 minutes." Id. And for
23 swallowing it stated, "Rinse mouth. Drink a glass of water or milk. Do not cause vomiting," in
24 addition to stating, "Get immediate medical care. Call your Poison Center, emergency department
25 or a physician. Specific antidotal treatment may be needed." Id.

26     The jury found in favor of defendant, Hansen, 55 Cal. App. 4th at 1508, but the trial court
27 granted judgment notwithstanding the verdict ("JNOV") in plaintiff's favor on liability, finding
28 that "warnings are not to be considered as part of the product in determining design defect under

1  the risk/benefit test." Hansen, 55 Cal. App. 4th at 1508.

2      The California Court of Appeal reversed the JNOV. The "risk/benefit test," the Court of
3  Appeal reasoned, involves weighing "the risk of danger inherent in [a] challenged design" against
4  the "benefits of such design" to determine whether a design poses "excessive preventable danger."
5  Hansen, 55 Cal. App. at 1512. The "risk of danger," in turn, involves both the "gravity" and
6  "likelihood" of harm. Id. at 1513 (citing Barker v. Lull Engineering Co., 20 Cal.3d 413, 430
7  (1978)). "[P]ackage warnings" can prevent—or reduce the likelihood of—harm if followed, and
8  thus "are relevant in determining whether [a] product has a design defect under the risk/benefit
9  test." Id. at 1513, 1515 and 1519.

10     Courts have found that the "risk/benefit test" can be applied to prove design defect for
11 negligent design defect claims like Enborg's claim in this case, in addition to strict product
12 liability claims like the claim in *Hansen*. See e.g., Chavez v. Glock, Inc., 207 Cal. App. 4th 1283,
13 1304–05 (2012). Unlike *Hansen*, however, this case does not involve use instructions. See In re
14 Ethicon, Inc., 2014 WL 457544, at *5 (S.D.W. Va. Feb. 3, 2014) (Goodwin, J.) (distinguishing
15 between warnings as to inherent danger, on the one hand, and instructions for safer use, on the
16 other, in connection with the TVT). Dr. Pence, for example, opines that Ethicon falsely claimed in
17 a marketing piece that the TVT had "5 Years of Proven Performance," Doc. No. 103-3 at 92,
18 while failing to report "a number of adverse events and malfunctions …, rendering the TVT
19 devices misbranded." Id. at 116. Dr. Rosenzweig opines that Ethicon failed to disclose that
20 polypropylene resin used in TVT mesh is susceptible to breaking down after implantation. Doc.
21 No. 106-3 at 64 ("The fact that the mesh in the TVT is susceptible to breaking down when in
22 contact with peroxides makes it an unsuitable material to be placed in the vagina for the reasons
23 discussed above. At the very least, Ethicon should have disclosed this information to physicians
24 and patients considering use of their pelvic mesh."). And Dr. Ostergard opines that TVT materials
25 failed to disclose "that the product could degrade in the body or cause cancer in the future," that
26 "the mesh would be contaminated by bacteria during insertion," and that "the MSDS by the
27 manufacturer of the resin [used in the TVT] stated that [the resin] should not be placed into a
28 human or that oxidation should be avoided." Doc. No. 42-2 at 6.

In deciding a similar motion to reconsider, the MDL Court found that the TVT warning in question was not relevant to the "risk/benefit test" because it did not "address a safe *method* or *manner* of using the TVT." See In re Ethicon, Inc., 2014 WL 457544 at *5 (emphasis original). "The warning serve[d] only to inform physicians of the risks of implanting the device," the court found, and "[t]here [wa]s no way that the TVT's design c[ould] be used in a *safer* manner by following the warning." Id. (emphasis original).

The same is true here. The warnings opinions offered by Drs. Pence, Rosenzweig and Ostergard may inform whether "[a] physician [] implants the device or chooses an alternative treatment," In re Ethicon, Inc., 2014 WL 457544 at *5, but unlike the instructions in *Hansen*, they do nothing to reduce the "likelihood" (or gravity) of harm from using the TVT. The holding in *Hansen* that "warnings on a product label are relevant in determining whether the product has a design defect under the risk/benefit test" is, therefore, inapplicable here. See Hansen, 55 Cal. App. 4th at 1519.

Enborg provides no basis other than *Hansen* for her contention that her experts' warnings opinions are relevant to her negligent design defect claim. Thus, Enborg has failed to show "clear error"—or even that a mistake may have been made—and her motion will be denied.[4] See Smith, 727 F.3d at 955.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff Terri Enborg's motion to reconsider (Doc. No. 171) is DENIED.

IT IS SO ORDERED.

Dated:   April 29, 2022                                            _____
                                                                   SENIOR  DISTRICT  JUDGE

---

[4] In light of this finding, it is unnecessary for the Court to address Ethicon's other arguments for denying Enborg's motion.

6