# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ENBORG, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ETHICON, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-02477-AWI-BAK<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. No. 190) |

On May 3, 2022, Plaintiff Terri Enborg filed a notice of request to seal documents, Doc. No. 190 at 1:14-2:9, and concurrently transmitted the request, a proposed order and copies of the motions at issue, with exhibits, to the Court via email. See id. at 190:2:2-6.

Substantively, Ms. Enborg's request to seal is virtually identical to the notice and reads in its entirety as follows:

> In compliance with Local Rule 141, Plaintiff hereby submits this Request to Seal Documents as she intends to file Motions in Limine contain highly personal information regarding Plaintiff's physical health, mental health, and financial health. To protect her personal information from public dissemination, she seeks permission to file the following Motions in Limine along with their exhibits under seal:
>
> 1. Plaintiff's Motion in Limine No. 1;
> 2. Plaintiff's Motion in Limine No. 2;
> 3. Plaintiff's Motion in Limine No. 3;
> 4. Plaintiff's Motion in Limine No. 4;
> 5. Plaintiff's Motion in Limine No. 5;
> 6. Plaintiff's Motion in Limine No. 6;

>7. Plaintiff's Motion in Limine No. 7;
>8. Plaintiff's Motion in Limine No. 8; and,
>9. Plaintiff's Motion in Limine No. 9;
>
>This Request to Seal Documents, together with the aforementioned documents and exhibits, are being transmitted to the Court and all parties via electronic mail.
>
>Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff's Request to Seal Documents.

The proposed order granting the request to seal is similarly lacking in substance.

On May 6, 2022, Ethicon[1] filed a response to Ms. Enborg's request to seal, arguing that the request should be denied because it "presents no authorities nor legitimate basis [for sealing], wholly fails to comply with the requirements of Local Rule 141, and is contrary to the strong presumption in favor of public access to judicial records and documents." Doc. No. 212 at 2:1-3. Further, Ethicon argues that much of the evidence referenced in the motions *in limine* at issue "will clearly be material and presented at trial" and "has previously been disclosed by [Ms. Enborg] herself in various pleadings [] filed without any request for sealing or confidentiality claim." Id. at 2:3-9.

In reply, Ms. Enborg purports to show that her request generally satisfies Rule 141, as well as the "good cause" standard that she contends applies to sealing records on "non-dispositive motions." Doc. No. 213 at 2:7-21, 2:22-4:12. Further, she contends that the records in question have not been "publicly disclosed" as Ethicon claims. Id. at 5:5-7.

## **LEGAL FRAMEWORK**

There is "a strong presumption in favor of access to court records." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016). This presumption is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." Id. at 1096 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)); see also, Valley Broad. Co. v. U.S. Dist. Court—D. Nev., 798 F.2d 1289, 1294 (9th Cir.1986) (explaining that the presumption of public access "promot[es] the public's understanding of the

---

[1] As used herein, "Ethicon" refers to both of the remaining Defendants, Johnson & Johnson and its subsidiary, Ethicon, Inc.

judicial process and of significant public events"). The burden is on the party seeking to seal a judicial record to show that there are either "compelling reasons" or "good cause" for doing so, depending on the circumstances. <u>Ctr. for Auto Safety</u>, 809 F.3d at 1096-97.

Further, Local Rule 141(b) of Eastern District of California states as follows:

> The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information. If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also shall set forth the basis for excluding any party from service. The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request

E.D. Cal. L.R. 141(b).

## **DISCUSSION**

While it appears, on cursory review, that sealing could potentially be justified as to some of the records at issue here, see <u>United States v. Bradley</u>, 2020 WL 3802794, at *7 (E.D. Cal. July 7, 2020) (granting request to seal "sensitive medical records in which defendant has a compelling privacy interest"), Ethicon's objections are, in the main, well-taken. Ms. Enborg's barebones request for sealing—which does not apply required pagination or even cite legal authority—plainly fails to comply with Local Rule 141(b) and, as Ethicon points out, several of the records Ms. Enborg seeks to seal—including the Short Form Complaint and Dr. Olga Ramm's expert report—have already been filed in this action *by Ms. Enborg herself* without sealing (or any apparent attempt to seal). See Doc. Nos. 1 & 160-10. Similarly, the Court agrees with Ethicon that bankruptcy tends to be a matter of public record, cf. <u>In re Kilroy</u>, 2017 WL 4325558, at *2 (Bankr. C.D. Cal. Sept. 27, 2017) (recognizing "a general right of public access to bankruptcy court records"), and that sealing the motion *in limine* regarding Ms. Enborg's motion to substitute her specific causation specialist, Dr. Donald Ostergard, would be pointless because the briefing and order for that motion are already on record. See Doc. Nos. 172, 180, 182 & 187.

In short, even assuming the "good cause" standard applies to sealing motions *in limine* as Ms. Enborg contends, the Court cannot accept Ms. Enborg's blanket assertion that there is "good cause" to seal all the motions and exhibits covered by her request. Further, the Court is not

inclined (given Ms. Enborg's failure to do so) to conduct an individualized analysis of each record at issue here, beyond what has been set forth above. The Court will therefore deny Ms. Enborg's motion to seal without prejudice. Ms. Enborg may file another request to seal provided the request complies fully with Local Rule 141 (including pagination protocols and citations to authority); provides substantive justification for each record Ms. Enborg wishes to seal, cf. E.G.O. Elektro-Geratbau GmbH v. Ceramaspeed, Inc., 2016 WL 8577657, at *1 (E.D. Tenn. Oct. 13, 2016) (calling for proponent of sealing to provide justification on a "document by document" basis); and is otherwise consistent with this order. Further, the Court will order the parties to meet and confer in good faith regarding possible sealing stipulations before Ms. Enborg files a second motion, should she elect to do so.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to seal (see Doc. No. 212) is DENIED WITHOUT PREJUDICE to filing a second motion consistent with this order after meeting and conferring with Defendants in good faith regarding potential sealing stipulations.

IT IS SO ORDERED.

Dated:   May 20, 2022

_____
SENIOR DISTRICT JUDGE